IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

| | | |
|---|---|---|
| SEIFULLAH A. ALI, | * | |
| Plaintiff, | * | |
| v. | * | Case No.: PWG-16-186 |
| CHAPLAIN ROMERO, *et al.*, | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

Plaintiff Seifullah A. Ali was detained prior to trial and sentencing at the Prince George's County Detention Center ("Detention Center") between December 23, 2014 and April 21, 2016.[1] While there, Ali alleges that (1) he was unable to attend Friday and daily Islamic prayer services; (2) he was denied inmate grievance forms and legal calls; (3) he was forced to pay for haircuts and sick call visits; (4) he was unable to forward money from his institutional account to his family; (5) he was placed in segregation prior to adjudication of a disciplinary matter; and (6) he could not obtain certain legal information from the library.[2] Compl. ¶¶ 3–6, 8–10. He seeks

---

[1] Ali was arrested for possession of drugs and paraphernalia on December 22, 2014, and pleaded guilty in Prince George's County Circuit Court in Case No. CT-151188 to the drug possession charge on June 18, 2015. While awaiting trial on the drug charges, Ali was also charged in the Circuit Court with 143 counts of violation of a peace order, harassment, misuse of the telephone, and related charges in Case Nos. CT-150201-X and CT-150316-X. Ali was represented by counsel in each case. *See* http://casesearch.courts.state.md.us/casesearch/inquiry. Full case information provided in the Maryland electronic docket is shielded; however, Division of Correction personnel at Western Correctional Institution ("WCI"), where Ali is now confined, indicate he is serving a 28-year sentence imposed on April 8, 2016, for electronic harassment. His presumptive release date is September 14, 2033.

[2] Ali also alleged constitutionally deficient health care by employees of Corizon, Inc., and accused Corporal Lewis of assaulting him. Compl. ¶ 2, 7, Mot. to Amend Compl., ECF No. 9.

money damages for alleged violation of his civil rights pursuant to 42 U.S.C. § 1983 and injunctive relief including: less restrictive access to the Detention Center library; provision of a "multi-purpose religious building and a full law library containing civil as well as criminal case law materials; elimination of sales tax on commissary items; a policy permitting family and friends to visit segregation detainees who have pending adjustment hearings; placement of case managers on the floor of each unit three hours a day; placement of grievance forms on each floor; and federal court supervision of Detention Center operations. *Id.* ¶ 11–12; Mot. to Amend, ECF No. 7.

Defendants McTerran, Dixon, McDonough, Burns, Stafford and Labbe have filed a Motion to Dismiss for Failure to State a Claim and, Alternatively, for Summary Judgment, Defs.' Mot., ECF No. 24, to which Ali has responded, Pl.'s Opp'n, ECF No. 27. A hearing in this matter is unnecessary. Loc. R. 105.6 (D. Md.). For the reasons that follow, Defendants' motion, construed as a Motion for Summary Judgment, shall be granted in part and Ali's religious exercise claim shall proceed following service of process on Chaplains Romero and Penn.

## Standard of Review

Federal Rule of Civil Procedure 12(b)(6) provides for "the dismissal of a complaint if it fails to state a claim upon which relief can be granted." *Velencia v. Drezhlo*, No. RDB-12-237, 2012 WL 6562764, at *4 (D. Md. Dec. 13, 2012). This rule's purpose "is to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Id.* (quoting *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006)). To that end, the Court bears in mind the requirements of Fed. R. Civ. P. 8, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009),

---

These claims were dismissed without prejudice and Ali was informed that these matters could be brought as separate lawsuits. Apr. 13, 2016 Order 2, ECF 12.

when considering a motion to dismiss pursuant to Rule 12(b)(6). Specifically, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and must state "a plausible claim for relief," as "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Iqbal*, 556 U.S. at 678–79. *See Velencia*, 2012 WL 6562764, at *4 (discussing standard from *Iqbal* and *Twombly*). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. With respect to claims that allege fraud, "a party must state with particularity the circumstances constituting the fraud or mistake." Fed. R. Civ. P. 9(b). Fraud allegations that meet these heightened pleading requirements "typically 'include the time, place and contents of the false representation, as well as the identity of the person making the misrepresentation and what [was] obtained thereby.'" *Piotrowski v. Wells Fargo Bank, N.A.*, No. DKC-11-3758, 2013 WL 247549, at *5 (D. Md. Jan. 22, 2013) (quoting *Superior Bank, F.S.B. v. Tandem Nat'l Mortg., Inc.*, 197 F. Supp. 2d 298, 313–14 (D. Md. 2000)).

## Discussion

### Injunctive Relief

As a preliminary matter, Article III of the Constitution limits the judicial power to "actual, ongoing cases or controversies." *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990). A case becomes moot when the issues presented are "no longer 'live' or the parties lack a legally cognizable interest in the outcome." *City of Erie v. Pap's A.M.*, 529 U.S. 277, 287 (2000) (quoting *County of Los Angeles v. Davis*, 440 U.S. 625, 631 (1979)). Ali is serving a lengthy sentence in the Maryland Division of Correction and no longer is housed at the Detention Center. His injunctive relief requests concerning conditions of confinement are

rendered moot by his transfer from the Detention Center to the Division of Correction. *See Slade v. Hampton Rd.'s Reg'l Jail*, 407 F.3d 243, 248–49 (4th Cir. 2005) (finding pre-trial detainee's claim for injunctive relief mooted by release); *Williams v. Griffin*, 952 F.2d 820, 823 (4th Cir. 1991) (finding prisoner's Eighth Amendment claims for injunctive and declaratory relief moot based on transfer); *Magee v. Waters*, 810 F.2d 451, 452 (4th Cir. 1987) (holding that the transfer of a prisoner rendered moot his claim for injunctive relief). Ali's request for money damages, however, survives his transfer from the Detention Center.

### Exercise of Religion

Ali claims that Detention Center's Office of the Chaplain denied his request to attend Islamic prayer services because the facility lacks a religious services center. Compl. ¶ 3. "The Free Exercise Clause of the First Amendment forbids the adoption of laws designed to suppress religious beliefs or practices." *Morrison v. Garraghty*, 239 F.3d 648, 656 (4th Cir. 2001). An additional consideration in this case is the standard provided by the Religious Land Use and Institutionalized Persons Act ("RLUIPA"). The act provides in part that:

> [n]o government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution . . . even if the burden results from a rule of general applicability, unless the government demonstrates that imposition of the burden on that person—(A) is in furtherance of a compelling government interest; and (B) is the least restrictive means of furthering that compelling government interest.

42 U.S.C. § 2000cc(a)(1).

It appears that Ali was provided some accommodation of his religious practices. Defs.' Mot. 3; Inmate Request Form, Defs.' Mot. Ex. 2, ECF No. 24-2 (providing Ali with prayer calendar); Ramadan Participant List, Defs.' Mot. Ex. 3, ECF No. 24-3. Ali names two Detention Center Chaplains in his Complaint, neither of which have been served. The Clerk shall assist Ali in obtaining service of process on Chaplains Penn and Romero. Once the Chaplains have been served and have had an opportunity to respond to Ali's claims, I will address the matter.

## Segregation

Ali alleges he "was placed in the segregation unit prior to being heard by the classification board for fighting," Compl. ¶ 8, but does not explain the events that led to his placement on segregation pending adjustment proceedings. Because a pretrial detainee has not been adjudged guilty of any crime, the Fourteenth Amendment's due process clause prohibits conditions of detainment that "amount to punishment of the detainee." *Bell v. Wolfish*, 441 U.S. 520, 535 (1979). Thus, a pretrial detainee's due process rights are "*at least* as great as the eighth amendment protections available to the convicted prisoner." *Hill v. Nicodemus*, 979 F.2d 987, 991 (4th Cir. 1992) (quoting *Martin v. Gentile*, 849 F.2d 863, 871 (1988)). To establish that a particular condition or restriction of detention constitutes impermissible punishment, a detainee must show either (1) an expressed intent to punish or (2) a lack of a reasonable relationship to a legitimate governmental non-punitive purpose. *See Wolfish*, 441 U.S. at 538. Ali's Complaint does not state a due process claim because he provides no details that suggest that he was placed in segregation prior to adjudication of a disciplinary matter for the purpose of punishment rather than for administrative reasons such as preventing further fighting.

## Conditions of Confinement

Beyond his placement in segregation, Ali complains of other conditions of confinement including being forced to pay for haircuts and sick calls and his inability to send money from his inmate account to his family. Compl. ¶¶ 6, 9. Ali alleges no actual injury as a result of co-payments for haircuts or medical services or from the restriction on transfer of funds from his Detention Center account. He also fails to show that these co-pays and restriction were punitive in nature. His claims, therefore, fail.

5

## Library Deficiencies

Ali alleges that he was not provided full access to the Detention Center's law library, claiming that the librarian told him that he could "only get information about criminal cases," not civil cases like the pending matter. Despite his confinement, Ali retains a constitutionally protected right of access to the courts. *See Bounds v. Smith*, 430 U.S. 817, 821 (1977). However,

> *Bounds* does not guarantee inmates the wherewithal to transform themselves into litigating engines capable of filing everything from shareholder derivative actions to slip-and-fall claims. The tools it requires to be provided are those that the inmates need in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement. Impairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration.

*Lewis v. Casey*, 518 U.S. 343, 355 (1996). In order to bring a claim alleging inadequate access to library materials an inmate or detainee must allege a "specific problem he wished to research" and "actual injury or specific harm which has resulted to him by his limited access to the jail library or its limited contents." *Magee v. Waters*, 810 F.2d 451, 452 (4th Cir. 1987). Actual injury occurs when a prisoner demonstrates that a "nonfrivolous" and "arguable" claim was lost because of the denial of access to the courts. *Lewis*, 518 U.S. at 399.

During his pre-trial detention, Ali faced pending criminal charges but had not initiated any civil actions challenging his conditions of confinement, and he does not specify any conditions that he was seeking to alter at the time through the administrative remedy process. And because he does not specify a particular issue that he wished to research, he also has fails to demonstrate that he sought to challenge a viable claim or that his lack of access to certain library materials prevented him from pursuing it.

Access to Grievance Forms

Ali also raises a general complaint that he could not obtain grievance forms. Compl. ¶ 5. The law in this Circuit dictates that no constitutional entitlement to grievance procedures or access to such procedures is created merely because such procedures are voluntarily established by a state. *See Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994). To the extent that Ali intends to frame this allegation as an access-to-courts claim, he fails to state a claim. Ali does not specify that any of the Defendants were responsible for denying or delaying access to grievance forms, and he fails to specify actual harm resulting therefrom, i.e., that a "nonfrivolous" and "arguable" claim was lost because of the denial of access to the courts. *Lewis*, 518 U. S. at 399. In fact, Defendants do not raise non-exhaustion of administrative remedies as an affirmative defense in this lawsuit. *See* Defs.' Mot.

## **Conclusion**

Apart from his religious exercise claims, which I cannot yet evaluate because Chaplains Penn and Romero have not yet been served, Ali fails to state any claim for which relief can be granted. A separate Order shall issue dismissing all claims except to those relating to Ali's religious practices.

Date: 8\7\17

Paul W Grimm
United States District Judge

7