# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

SEIFULLAH A. ALI, #446-853           :

    Plaintiff                              :

    v.                                      : CIVIL ACTION NO. PWG-16-186

CHAPLAIN FILIBERTO ROMERO,[1]         :
CHAPLAIN JAMES PENN,
                                      :

Defendants.

## MEMORANDUM OPINION

Plaintiff Seifullah A. Ali was detained prior to trial and sentencing at the Prince George's County Detention Center ("Detention Center") between December 23, 2014 and April 21, 2016.[2] While there, Mr. Ali alleged that (1) he was unable to attend Friday and daily Islamic prayer services; (2) he was denied inmate grievance forms and legal calls; (3) he was forced to pay for haircuts and sick call visits; (4) he was unable to forward money from his institutional account to his family; (5) he was placed in segregation prior to adjudication of a disciplinary matter; and (6) he could not obtain certain legal information from the library.[3]  Compl. ¶¶ 3–6, 8–10.  His

---

[1] The Clerk shall amend the docket to reflect the full names of Chaplains Romero and Penn.

[2] Mr. Ali was arrested for possession of drugs and paraphernalia on December 22, 2014, and pleaded guilty in Prince George's County Circuit Court in Case No. CT-151188 to the drug possession charge on June 18, 2015.  While awaiting trial on the drug charges, Mr. Ali was also charged in the Circuit Court with 149 counts of violation of a peace order, harassment, misuse of the telephone, and related charges in Case No. CT-150316-X.  Mr. Ali was represented by counsel in each case.  *See* http://casesearch.courts.state.md.us/casesearch/inquiry.  Full case information provided in the Maryland electronic docket is shielded; however, Division of Correction personnel at Western Correctional Institution ("WCI"), where Mr. Ali is now confined, indicate he is serving a 27-year sentence imposed on April 8, 2016, for electronic harassment.  His presumptive release date is September 14, 2033.

[3] Ali also alleged constitutionally deficient health care by employees of Corizon, Inc, and accused Corporal Lewis of assaulting him.  Compl. ¶ 2, 7, Mot. To Amend Compl., ECF No. 9.

Complaint sought money damages for alleged violation of his civil rights pursuant to 42 U.S.C. § 1983 and injunctive relief. *Id.* ¶¶ 11–12; Mot. to Amend, ECF No.7.

On August 7, 2017, I granted in part and denied in part a motion for summary judgment filed by Defendants McTerran, Dixon, McDonough, Bums, Stafford, and Labbe, and dismissed all of Mr. Ali's claims but his religious exercise claim. Aug. 7, 2017 Or. 1, ECF 33. I also ordered service to be effected on Chaplains Romero and Penn regarding his religious exercise claim. *Id.*

Once served, Chaplain Romero filed a Motion to Dismiss, or in the alternative, for Summary Judgment, Romero Mot., ECF No. 37, and Chaplain Penn filed a Motion to Dismiss, Penn Mot., ECF No. 44.[4] On September 15, 2017 and October 6, 2017, respectively, the Clerk of the Court informed Mr. Ali that Chaplains Romero and Penn each filed a dispositive motion; that he had seventeen days in which to file a written opposition to the motion; and that if he failed to respond, summary judgment could be entered against him without further notice. *See* ECF Nos. 41, 45; *Roseboro v. Garrison*, 528 F.2d 309, 310 (4th Cir. 1975). Mr. Ali filed a response only to Mr. Romero's motion. Pl.'s Opp'n, ECF No. 43. A hearing is unnecessary. *See* Loc. R. 105.6 (D. Md. 2016). Chaplain Penn's Motion to Dismiss and Chaplain Romero's Motion for Summary Judgment[5] will be granted. Because Mr. Ali's allegations fail to state a

---

These claims were dismissed without prejudice and Ali was informed that these matters could be brought as separate lawsuits. Apr. 13, 2016 Order at 2, ECF 12.

[4] Both Chaplain Romero and Chaplain Penn filed their motions in the same document as their memoranda in support of their respective motions. *See* Romero Mot.; Penn Mot.

[5] Because the Chaplain Romero filed a motion titled "Motion to Dismiss Pro Se Complaint, and alternatively, for Summary Judgment," along with documents in support, to which Plaintiff responded, Plaintiff was on notice that the Court could treat the motion as one for summary

2

claim for which relief may be granted as to Chaplains Romero and Penn, his complaint will be dismissed as to both Chaplains. However, as Plaintiff plausibly has pleaded a cause of action regarding his free exercise of religion claim, but has named the wrong defendants, I will appoint counsel to represent Mr. Ali on this claim only, and will permit counsel (once he or she has accepted his or her appointment) thirty days to amend Mr. Ali's Complaint to identify the correct defendants.

**Standards of Review**

*Motion to Dismiss*

Defendants move to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). Under this Rule, Mr. Ali's Complaint is subject to dismissal if it "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and must state "a plausible claim for relief," *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Rule 12(b)(6)'s purpose "is to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Velencia v. Drezhlo*, No. RDB-12-237, 2012 WL 6562764, at *4 (D. Md. Dec. 13, 2012) (quoting *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006)).

---

judgment and rule on that basis. *See Laughlin v. Metro. Wash. Airports Auth.,* 149 F.3d 253, 260–61 (4th Cir. 1998); *Walker v. Univ. of Md. Med. Sys. Corp.,* No. CCB–12–3151, 2013 WL 2370442, at *3 (D. Md. May 30, 2013); *Ridgell v. Astrue,* No. DKC–10–3280, 2012 WL 707008, at *7 (D. Md. Mar. 2, 2012).

Plaintiff is proceeding *pro se*, and his Complaint is to be construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, liberal construction does not absolve Plaintiff from pleading plausible claims. *See Holsey v. Collins*, 90 F.R.D. 122, 128 (D. Md. 1981) (citing *Inmates v. Owens*, 561 F.2d 560, 562–63 (4th Cir. 1977)).

*Motion for Summary Judgment*

Chaplain Romero alternatively seeks summary judgment. It is proper when the moving party demonstrates, through "particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . , admissions, interrogatory answers, or other materials," that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a), (c)(1)(A); *see also Baldwin v. City of Greensboro*, 714 F.3d 828, 833 (4th Cir. 2013). If the party seeking summary judgment demonstrates that there is no evidence to support the nonmoving party's case, the burden shifts to the nonmoving party to identify evidence that shows that a genuine dispute exists as to material facts. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 585–87 & n.10 (1986). The existence of only a "scintilla of evidence" is not enough to defeat a motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251–52 (1986). Instead, the evidentiary materials submitted must show facts from which the finder of fact reasonably could find for the party opposing summary judgment. *Id.* A "genuine" dispute of material fact is one where the conflicting evidence creates "fair doubt"; wholly speculative assertions do not create "fair doubt." *Cox v. Cty. of Prince William*, 249 F.3d 295, 299 (4th Cir. 2001); *see also Miskin v. Baxter Healthcare Corp.*, 107 F. Supp. 2d 669, 671 (D. Md. 1999). The substantive law governing the case determines what is material. *See Hooven–Lewis v. Caldera*, 249 F.3d 259, 265 (4th Cir. 2001). A fact that is not of

consequence to the case, or is not relevant in light of the governing law, is not material. *Id.*; *see also* Fed. R. Evid. 401 (defining relevance). "In ruling on a motion for summary judgment, this Court reviews the facts and all reasonable inferences in the light most favorable to the nonmoving party." *Downing v. Balt. City Bd. of Sch. Comm'rs*, No. RDB 12-1047, 2015 WL 1186430, at *1 (D. Md. Mar. 13, 2015) (citing *Scott v. Harris*, 550 U.S. 372, 378 (2007)).

There is no genuine dispute of material fact if the nonmoving party fails to make a sufficient showing on an essential element of his case as to which he would have the burden of proof. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). Therefore, on those issues for which the nonmoving party has the burden of proof, it is his responsibility to confront the summary judgment motion with an affidavit that "set[s] out facts that would be admissible in evidence" or other similar facts that could be "presented in a form that would be admissible in evidence" showing that there is a genuine issue for trial. Fed. R. Civ. P. 56(c)(2), (4); *see also Ridgell,* 2012 WL 707008, at *7; *Laughlin,* 149 F.2d at 260–61.

Chaplain Romero attached to his motion an affidavit, Romero Aff., ECF No. 37-1; his contract with the Detention Center, ECF No. 37-2; evidence that Mr. Ali participated in Ramadan in 2015, ECF No. 37-3; and two inmate request forms regarding clarification on available services, ECF Nos. 37-4, 37-5. In contrast, Mr. Ali filed an opposition without any evidence, and filed an unverified complaint. Because Plaintiff's Complaint is not verified, its factual assertions may not be considered in opposition to Chaplain Romero's motion. *See Williams v. Griffin*, 952 F.2d 820, 823 (4th Cir. 1991); Fed. R. Civ. P. 56(c)(1)(A); *see also Abdelnaby v. Durham D & M, LLC*, No. GLR-14-3905, 2017 WL 3725500, at *4 (D. Md. Aug. 29, 2017) (awarding summary judgment for the defendants, because the plaintiff could not create a genuine dispute of material fact 'through mere speculation,'" and "[t]hus, the Court [wa]s left

with a record that [wa]s bereft of evidence supporting any of Abdelnaby's arguments") (quoting *Beale v. Hardy*, 769, F.2d 213, 214 (4th Cir. 1985)).

## Discussion

### *Claims against Chaplains Romero and Penn*

Mr. Ali claims that the Prince George's County Detention Center's ("Detention Center") Office of the Chaplain denied his request to attend Islamic prayer services because the facility lacks a religious services center. Compl. ¶ 3. Mr. Ali named in his Amended Complaint, Chaplains Romero and Penn, but did not specify any actions either took; he simply added their names as Defendants. Am. Compl., ECF No. 5. In my August 7, 2017 Memorandum Opinion, I addressed Mr. Ali's allegations preliminarily: "It appears that Ali was provided some accommodation of his religious practices. Defs.' Mot. 3; Inmate Request Form, Defs.' Mot. Ex. 2, ECF No. 24-2 (providing Ali with prayer calendar); Ramadan Participant List, Defs.' Mot. Ex. 3, ECF No. 24-3." Aug. 7, 2017 Mem. Op., ECF No. 32.

The Detention Center does not provide daily Islamic prayer service to inmates, but "[i]nmates who wish to participate in daily prayers do so inside their respective cells." Romero Decl. ¶¶ 7–8. Chaplain Romero attests that he is not aware that Mr. Ali was denied his ability to pray in his cell and that to his knowledge, Mr. Ali was informed of and provided access to yearly Ramadan services and "weekly led prayer service depending upon the availability of a volunteer Imam, . . . which are controlled by the Detention Center." *Id.* ¶¶ 5–6.

In response, Mr. Ali argues, for the first time issues that were not pleaded in his complaint, that when he was processed at the Detention Center, he was shown a video concerning facility operations, which showed Christian, Jewish and Islamic services "in congregation." Pl.'s Opp'n 1–2. Mr. Ali also adds that interactions with Chaplains Romero and Penn, which he argues contained language insinuating that no Islamic services existed at the Detention Center, constituted a violation of his First Amendment rights, "the Freedom of

Religion Act," and constituted cruel and unusual punishment under the Eighth and Fourteenth Amendments. *Id.* However, I may not address his new claims because an opposition to a dispositive motion is not a vehicle for amending a pleading.[6] *See Whitten v. Apria Healthcare Grp., Inc.*, No. PWG-14-3193, 2015 WL 2227928, at *7 (D. Md. May 11, 2015).

"The Free Exercise Clause of the First Amendment forbids the adoption of laws designed to suppress religious beliefs or practices." *Morrison v. Garraghty*, 239 F.3d 648, 656 (4th Cir. 2001). An additional consideration in this case is the standard provided by the Religious Land Use and Institutionalized Persons Act ("RLUIPA"). The act provides in part that:

> [n]o government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution . . . even if the burden results from a rule of general applicability, unless the government demonstrates that imposition of the burden on that person—(A) is in furtherance of a compelling government interest; and (B) is the least restrictive means of furthering that compelling government interest.

42 U.S.C. § 2000cc(a)(1); *see also Lovelace v. Lee,* 472 F.3d 174, 198 & n. 8 (4th Cir. 2006).

To demonstrate his rights to the free exercise of his religion were violated, Mr. Ali "must demonstrate that: (1) he holds a sincere religious belief; and (2) a prison practice or policy places a substantial burden on his ability to practice his religion." *Wilcox v. Brown*, 877 F.3d 161, 168 (4th Cir. 2017) (citing *Thomas v. Review Bd. Of Ind. Emp't Sec. Div.*, 450 U.S. 707, 718 (1981)). A person's ability to freely exercise his or her religion is burdened when defendants place "substantial pressure on an adherent to modify his behavior and to violate his beliefs." *Thomas*, 450 U.S. at 718. When deciding whether an institution's practice substantially burdens religious exercise, "courts must not judge the significance of the particular belief or practice in question." *Lovelace*, 472 F.3d at 187 n.2.

Mr. Ali clearly establishes he has sincerely held beliefs as a practicing Sunni Muslim. He

---

[6] Mr. Ali's Opposition also moves for summary judgment on these issues, which are contained in an unverified motion and opposition, Pl.'s Opp'n 3. However, as these claims are not before this Court, his motion will be denied. *See Whitten*, 2015 WL 2227928, at *7.

7

asserts that his faith requires daily congregant worship and a congregant worship service on Fridays. Therefore, Mr. Ali has satisfied the first prong of *Thomas*. Mr. Ali also satisfies the second prong because he has alleged that the Detention Center maintains a policy or practice that does not permit him to attend Friday and daily Islamic Prayer Services. Compl. ¶ 3.

However, even though Mr. Ali satisfies the *Thomas* test, his claims against Chaplains Romero and Penn fail. Chaplain Penn argues that Mr. Ali has failed to allege any specific facts indicating how he personally violated Mr. Ali's rights to freely practice Islam. Penn. Mot. 4–5. Chaplain Penn is correct as Mr. Ali's complaint does not have "facial plausibility . . . that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Mr. Ali's claim only alleges that "the Office of the Chaplain" was violating his rights, not Chaplain Penn. For that reason, Chaplain Penn's Motion to Dismiss will be granted. *See id.*

Chaplain Romero contracts annually with the Detention Center to serve as a Chaplain to the Hispanic and Latino Inmate Ministry. Chaplain Romero attests that he lacks the "authority or ability to designate any room inside the Detention Center as a religious services center, [and does not have] knowledge that any such space is available." Romero Aff. ¶ 12. Further, he attests that the weekly led prayer services are depended on "the availability of a volunteer Imam" and that those services and yearly Ramadan services "are controlled by the Detention Center." *Id.* ¶ 5. Mr. Ali has not rebutted any of this evidence,[7] and therefore, has failed to create a genuine dispute of material fact, specifically that Chaplain Romero is responsible for a policy that does not permit Mr. Ali to practice his religion or that he is able rectify any burden placed on Mr. Ali

---

[7] Although Mr. Ali disputes Chaplain Romero's version of events, he has not done so by declaration, affidavit, or verified complaint. Accordingly his explanation fails to meet the requirements of Fed. R. Civ. P. 56(c)(4).

8

by such a policy. *See Vanderhurst v. Mohardt*, PWG-13-2143, 2015 WL 3874551, at *2 (D. Md. June 22, 2015) (awarding summary judgment to the defendant as the plaintiff named the wrong defendant); *see also* Fed. R. Civ. P. 56(c)(1)(A); *Abdelnaby*, 2017 WL 3725500, at *4. As such, Chaplain Romero's Motion for Summary Judgment will be granted.

*Ali's Request for Counsel and Affording an Opportunity to Amend*

Plaintiff has also filed a Motion to Appoint Counsel, ECF No. 47. A federal district court judge's power to appoint counsel under 28 U.S.C. § 1915(e)(1) is discretionary, and an indigent claimant must present "exceptional circumstances" for the court to appoint counsel. *Miller v. Simmons*, 814 F.2d 962, 966 (4th Cir. 1987). Exceptional circumstances exist where a "pro se litigant has a colorable claim but lacks the capacity to present it." *See Whisenant v. Yuam*, 739 F.2d 160, 163 (4th Cir. 1984), abrogated on other grounds by *Mallard v. U.S. Dist. Ct.*, 490 U.S. 296, 298 (1989)(holding that 28 U.S.C. § 1915 does not authorize compulsory appointment of counsel).

Plaintiff's claim is not unduly complicated and he has demonstrated the ability to articulate his claims. However, he has not named any defendant who is responsible for the policy that restricts his religious exercise. To aid Mr. Ali, as it appears his only deficiency at this time is identifying a proper defendant, I will appoint counsel in this case only for the purpose of assisting him to prosecute his free exercise claim. Upon pro bono counsel's acceptance of his or her appointment, counsel will be permitted thirty days (unless otherwise ordered by the court or agreed to by the parties) in which to amend Mr. Ali's free exercise claim to name the defendant or defendants responsible for overseeing the Detention Center's policy that Mr. Ali alleges restricted his rights to practice Islam.

**Conclusion**

Mr. Ali's claims against Chaplains Romero and Penn are dismissed as to these two defendants as he has not alleged with specificity any actions taken by either that violated his ability to freely exercise his religion. I will appoint counsel (in a separate order) to represent Mr. Ali on his free exercise claim. Counsel will be permitted thirty days to amend Mr. Ali's pleading to name the appropriate defendants for this claim.

Separate orders shall issue.


Date: September 4, 2018                                         /S/
                                                                Paul W. Grimm
                                                                United States District Judge